UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED

APR 4 2013

CLERK, U.S. DISTRICT COURT
NORFOLK, VA



NORMA REHBEIN,

      Plaintiff,

    v.                     ACTION NO. 2:13cv65

CITIMORTGAGE, INC.

   and

SHAPIRO BROWN & ALT, LLP,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Defendant CitiMortgage, Inc. ("Citi") and Defendant Shapiro Brown & Alt ("SBA") filed Motions to Dismiss and accompanying Memoranda in Support on February 13, 2013, and February 15, 2013, respectively. On February 22, 2013, the Plaintiff, Norma Rehbein ("Rehbein"), filed a Motion to Remand to State Court and an accompanying Memorandum in Support. These Motions are now ripe for review.[1] For the reasons set forth below, the Motion to Remand is **DENIED** and the Motions to Dismiss are **GRANTED**.

---

[1] On February 14, 2013, Citi requested a hearing on its Motion to Dismiss. After full examination of the briefs and the record, the court has determined that a hearing is unnecessary, as the facts and legal arguments are adequately presented, and the decisional process would not be aided significantly by oral argument. See Fed. R. Civ. P. 78(b); Local Civ. R. 7(J).

## I.  Factual and Procedural History

Rehbein is the owner of a home located at 2132 Oaklawn Court in Virginia Beach ("Oaklawn Court Property"), where she resides. Compl. ¶ 1.  On June 10, 2008, Rehbein entered into a mortgage loan contract with Citi; she executed a Promissory Note secured by a Deed of Trust on the Oaklawn Court Property. Compl. ¶¶ 4-5.  In 2008, Rehbein experienced a reduction in household income, which caused her to fall behind on her mortgage payments. Compl. ¶ 8.  She applied to Citi for a loan modification and was granted a temporary modification, but was, at least initially, denied a final modification. Compl. ¶¶ 9, 11.  As of January 11, 2013, Rehbein's loan remained under review for a loan modification. Compl. ¶ 15.  Meanwhile, Citi initiated foreclosure proceedings; the foreclosure auction was scheduled for January 16, 2013. Compl. ¶¶ 18, 34.[2]

On January 11, 2013, Rehbein commenced an action in the Circuit Court for the City of Virginia Beach, seeking a preliminary injunction enjoining the Defendants from instituting forfeiture proceedings prior to proper loan modification review

---

[2] Rehbein does not allege that the foreclosure sale has occurred. SBA claims that "[t]he Chesapeake Circuit Court granted a stay of 60 days of the sale upon posting of a bond."  SBA's Mem. Supp. Mot. Dismiss at 2.  However, the Complaint was filed in the Circuit Court for the City of Virginia Beach, not Chesapeake.  Notice of Removal at 1.  Thus, the court is hesitant to rely on Defendant SBA's statement.

and requesting compensatory damages. On February 7, 2012, Citi removed the case to federal court, with the consent of SBA. On February 13, 2013, Citi filed a Motion to Dismiss for Failure to State a Claim. SBA filed a separate Motion to Dismiss on February 15, 2013. On February 22, 2013, Rehbein filed a Motion to Remand the action to the Circuit Court for the City of Virginia Beach, to which Defendant Citi responded on March 5, 2013. Rehbein did not file a reply to Defendant Citi's response to her Motion to Remand, and the time for her to do so has now lapsed. Rehbein filed a response to the Defendants' Motions to Dismiss on March 8, 2013, to which Defendant Citi replied on March 29, 2013.[3] These Motions are now ripe for review.

## II. Motion to Remand

Before the court can reach the merits of the Defendants' Motions, it must determine that it has subject matter jurisdiction over the claims. See Miller v. Brown, 462 F.3d 312, 316 (4th Cir. 2006) ("It is well established that before a

---

[3] Rehbein's response was untimely, and she did not seek leave of the court before filing it. On March 14, 2013, the court entered an Order notifying the parties that Rehbein's Memorandum in Opposition to the Defendants' Motions to Dismiss would be stricken from the record, absent a motion for extension of time by Rehbein. Rehbein filed a Motion for Extension of Time, and on March 28, 2013, the court granted her leave to file an untimely response. The court simultaneously granted Defendant Citi's motion for extension of time to file its reply.

3

federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court."). Rehbein has filed a Motion to Remand, alleging that this court lacks subject matter jurisdiction over her claims. The Defendants contend that this court has subject matter jurisdiction over the instant claims under the diversity statute, 28 U.S.C. § 1332. Removal Notice at 2-5.

Under 28 U.S.C. § 1332(a), district courts have original jurisdiction of civil actions where the amount in controversy exceeds $75,000 and the parties are completely diverse, "meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011).

## A. Amount in Controversy

In her Complaint, Rehbein seeks only $29,000 in damages.[4] The Defendants contend that because the cost to Citi in complying with the injunction Rehbein seeks exceeds $75,000, the jurisdictional minimum is met. Removal Notice ¶ 19.

"[T]he test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" Dixon v. Edwards, 290 F.3d

---

[4] This amount consists of $25,000 in compensatory damages from Citi and $4,000 from SBA.

4

699, 710 (4th Cir. 2002) (quoting Gov't Emps. Ins. Co. v. Lally, 327 F.2d 568, 569 (4th Cir. 1964)).

In suits involving claims to real property, the amount in controversy is the value of the real property, not simply the amount of damages the plaintiff seeks. Monton v. Am.'s Servicing Co., No. 2:11cv678, 2012 U.S. Dist. LEXIS 117259, at *10 (E.D. Va. Aug. 20, 2012) (Davis, J.) (the fact that the present value of the plaintiffs' real property exceeded $75,000 "by itself, appears sufficient to demonstrate that the amount in controversy is exceeded in this case"); Sherman v. Litton Loan Servicing, 796 F. Supp. 2d 753, 766 (E.D. Va. 2011) (finding the amount in controversy was met based on "the manifest fact that the value of the Property exceeds $75,000").

Where injunctive relief is sought, "the amount in controversy is measured by the value of the object of the litigation." Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977). The cost of complying with the injunction is "an appropriate consideration when determining whether the amount-in-controversy requirement has been met." Republic Bank & Trust Co. v. Kucan, 245 F. App'x 308, 314-15 (4th Cir. 2007); see also JTH Tax, Inc. v. Frashier, 624 F.3d 635, 639 (4th Cir. 2010) ("[L]ike requests for money damages, requests for injunctive relief must be valued.").

In this case, the value of the Oaklawn Court Property exceeds $400,000. Resp. Mot. Remand Ex. 8. The principal amount of Rehbein's home mortgage loan was $292,450.00, as reflected in the Promissory Note Rehbein executed. Citi's Mot. Dismiss Ex. 1.[5] The uncontested evidence before the court indicates that, as of the date of removal, the amount outstanding on the loan was $316,249.19. Resp. Mot Remand Ex. 7 ¶ 4. Thus, the value of the property and the outstanding balance on Rehbein's loan unquestionably exceed $75,000. Moreover, the cost to Citi in complying with an injunction enjoining foreclosure sale of the property could exceed $75,000. Accordingly, the amount in controversy requirement is met in this case. Monton, 2012 U.S. Dist. LEXIS 117259 at *10; Sherman, 796 F. Supp. 2d at 766.

## B. Diversity

The diversity statute also requires that the parties be completely diverse. 28 U.S.C. § 1332. Rehbein, a citizen of Virginia, is indisputably diverse from Defendant Citi, which is a New York corporation with its principal place of business in Missouri. Removal Notice ¶ 6-7. SBA is a Virginia citizen, and

---

[5] While the Promissory Note was not attached to the Complaint, the court may consider it because it is integral to the Complaint and its authenticity is not contested. See Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007).

thus not diverse from Rehbein. This apparently incomplete diversity would ordinarily preclude federal jurisdiction. Mem. Supp. Mot. Remand at 3. In keeping with many recent decisions of this district, however, the court finds that SBA's citizenship is immaterial to the diversity analysis under the doctrine of fraudulent joinder. See, e.g., Monton, 2012 U.S. Dist. LEXIS 117259, at *13; Correll v. Bank of Am., No. 2:11cv477, 2012 U.S. Dist. LEXIS 12960, at *16-17 (E.D. Va. Feb. 2, 2012) (Jackson, J.); Kenny v. Bank of Am., No. 4:11cv120, 2011 U.S. Dist. LEXIS 139168, at *6-10 (E.D. Va. Dec. 5, 2011) (Allen, J.).

The doctrine of fraudulent joinder allows the court to "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999).[6] "[T]he party seeking removal bears the 'heavy' burden of demonstrating 'that there is no possibility that the plaintiff would be able to establish a cause of action against the in-

---

[6] As the Fourth Circuit has explained, "[t]he term 'fraudulent joinder' is a bit misleading, inasmuch as the doctrine requires neither a showing of fraud, nor joinder. In fact, it is irrelevant whether the defendants were 'joined' to the case or originally included as defendants; rather, the doctrine is potentially applicable to each defendant named by the plaintiff either in the original complaint or anytime prior to removal." Mayes, 198 F.3d at 461 n.8 (internal citations omitted).

state defendant.'" Bennett v. Bank of Am., No. 3:12cv34, 2012 U.S. Dist. LEXIS 54725, at *7 (E.D. Va. Apr. 18, 2012) (quoting Mayes, 198 F.3d at 464).

In the instant case, there is undisputed evidence that SBA is a misidentified party to these proceedings. ECF No. 12, Att. 1. Professional Foreclosure Corporation of Virginia ("PFCV"), not SBA,[7] is the substitute trustee. Id. Rehbein admits that her Complaint "improperly named" SBA as a defendant. Mem. Supp. Mot. Remand at 2.[8] The Complaint does not allege any facts that would support a cause of action against SBA. Indeed, it does not allege any facts at all concerning SBA. Therefore, under the doctrine of fraudulent joinder, the court will not consider the citizenship of SBA for the purposes of its jurisdictional analysis. Mayes, 198 F.3d at 461. Considering only the citizenship of Defendant Citi, a New York corporation with a principal place of business in Missouri, and Rehbein, a citizen of Virginia, there is complete diversity in this case.

---

[7] Rehbein does not contest, and offers no evidence to the contrary, that "SBA is a law firm retained to assist Citi and its substitute trustee," PFVS, in performing foreclosure sales. SBA's Mem. Supp. Mot. Dismiss at 1. See infra note 8 and accompanying text.

[8] Notwithstanding the court's previous warning that until Rehbein amended the Complaint to add PFCV as a defendant, PFCV is not a party to the suit, Rehbein did not amend her Complaint to name the correct party. See Order, March 13, 2013, at 1 n.1.

Accordingly, because the requirements for diversity jurisdiction are met, Rehbein's Motion to Remand for lack of jurisdiction is **DENIED**.

### III. Motions to Dismiss

Each Defendant separately filed a Motion to Dismiss the Complaint for failure to state a claim upon which relief can be granted. Rehbein responded to these Motions; Defendant Citi filed a reply.[9] For the reasons discussed below, Rehbein's Complaint fails to state a claim on which relief can be granted. Consequently, the court **GRANTS** the Defendants' Motions to Dismiss.

### A. Standard of Review

Federal Rule of Civil Procedure 8(a) provides, in pertinent part, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint need not have detailed factual allegations, but Rule 8 "requires more than labels and conclusions . . . . [A] formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

---

[9] See supra note 3 and accompanying text.

on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(quoting Twombly, 550 U.S. at 570).

The Supreme Court, in Twombly and Iqbal, offered guidance
to courts evaluating motions to dismiss:

> In keeping with these principles a court
> considering a motion to dismiss can choose to begin by
> identifying pleadings that, because they are no more
> than conclusions, are not entitled to the assumption
> of truth. While legal conclusions can provide the
> framework of a complaint, they must be supported by
> factual allegations. When there are well-pleaded
> factual allegations, a court should assume their
> veracity and then determine whether they plausibly
> give rise to an entitlement to relief.

Iqbal, 556 U.S. at 679. That is, the court accepts facts

alleged in the complaint as true and views those facts in the

light most favorable to the plaintiff. Venkatraman v. REI Sys.,

417 F.3d 418, 420 (4th Cir. 2005). Overall, "[d]etermining

whether a complaint states a plausible claim for relief will

. . . be a context-specific task that requires the reviewing

court to draw on its judicial experience and common sense."

Iqbal, 556 U.S. at 679.

### B. No Allegations Against SBA

SBA has produced evidence, which Rehbein does not contest,

that PFVC, not SBA, is the substitute trustee. ECF No. 12, Att.

1; supra notes 7 & 8 and accompanying text. In fact, Rehbein

admits that SBA was improperly named as a party to this suit.

Mem. Supp. Mot. Remand at 2. The Complaint levels factual

allegations against the substitute trustee, not SBA, and so does not state a plausible claim for relief against SBA. Accordingly, SBA's Motion to Dismiss is **GRANTED**.

### C. The Plaintiff Has No Enforcement Rights Under the National Mortgage Settlement

On March 12, 2012, the United States Department of Justice and the attorneys general of forty-nine states and the District of Columbia filed a joint complaint against five mortgage servicers, including Citi, alleging various foreclosure abuses. Compl. ¶ 19; Citi's Mem. Supp. Mot. Dismiss at 3. Shortly after the complaint was filed, the parties reached a settlement (the "National Mortgage Settlement"), which was memorialized by a Consent Judgment ("Consent Judgment") entered on April 4, 2012, by the United States District Court for the District of Columbia. Citi's Mem. Supp. Mot. Dismiss, Ex.5. The Consent Judgment sets forth servicing standards aimed at protecting homeowners. The mortgage servicers must comply with these standards. Compl. ¶ 19. Rehbein alleges that she is a third-party beneficiary of the Consent Judgment and, as such, has a right to enforce it. Br. Opp. Mot. Dismiss at 5.

Consent judgments and decrees are "to be construed for enforcement purposes basically as a contract." United States v. ITT Cont. Baking Co., 420 U.S. 223, 238 (1975); see also Thompson v. U.S. Dep't of Housing & Urban Dev., 404 F.3d 821,

821, 832 (4th Cir. 2005) ("Issues of interpretation and enforcement of a consent decree typically are subject to traditional rules of contract interpretation . . . ."); Bell v. Countrywide Bank, No. 2:11cv271, 2012 U.S. Dist. LEXIS 104728, at *7-8 (D. Utah July 26, 2012) (analyzing the National Mortgage Settlement as a contract). It is a basic tenet of contract law that "[a] nonparty becomes legally entitled to a benefit promised in a contract . . . only if the contracting parties so intend." Astra USA, Inc. v. Santa Clara Cnty., 131 S. Ct. 1342, 1347 (2011). As a general matter, consent decrees are "not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it." Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 750 (U.S. 1975). In order to have enforcement rights, third parties to a consent decree must demonstrate that they are intended beneficiaries, as opposed to merely incidental beneficiaries. SEC v. Prudential Sec., 136 F.3d 153, 158 (D.C. Cir. 1998).

"[B]ecause the government usually acts in the general public interest, third parties [to consent decrees involving the government] are presumed to be incidental beneficiaries," not intended beneficiaries. Id.; see also Restatement (Second) of Contracts § 313 cmt. a (1981) ("Government contracts often

12

benefit the public, but individual members of the public are treated as incidental beneficiaries unless a different intention is manifested."). To overcome this presumption and qualify as an intended beneficiary, the third party must demonstrate that the contracting parties "intended the third party to be able to sue to protect [the] benefit" the consent judgment conferred on the third party; it is not sufficient to show simply that the parties had some intent to benefit the third party. Prudential Sec., 136 F.3d at 159.

Although the National Mortgage Settlement certainly aims to benefit to individual borrowers through the implementation of more stringent servicing standards, Rehbein has alleged no facts from which the court could conclude that these borrowers are intended beneficiaries rather than merely incidental beneficiaries. The language of the Consent Judgment indicates that the parties to the agreement did not intend the individual borrowers to be able to sue to protect the benefits the consent judgment confers. Citi's Mem. Supp. Mot. Dismiss Ex.5, Ex. E at 1-16; see also Prudential Sec., 136 F.3d at 159.

The Consent Judgment expressly provides a mechanism by which its terms are to be enforced, and appoints an independent monitor to oversee the servicers' compliance with the servicing standards. Citi's Mem. Supp. Mot. Dismiss Ex.5, Ex. E at 1-16.

The Consent Judgment specifies that "[a]ny enforcement action under this Consent Judgment may be brought by any Party to this Consent Judgment or the Monitoring Committee." Id., Ex. 5 at 15. Third party borrowers are conspicuously absent from this list. Under the principle of expressio unius est exclusio alterius, it follows that, pursuant to the Consent Judgment's own terms, individual borrowers are not eligible to bring enforcement actions. See Smith Barney, Inc. v. Critical Health Sys., 212 F.3d 858, 861 (4th Cir. 2000) (using principle of expressio unius est exclusio alterius to interpret a contract's choice of forum clause).[10]

Moreover, not all failures to meet the Consent Judgment's servicing standards constitute violations of the agreement; only where the servicer has exceeded the threshold error rate set for the particular metric in a given quarter. Citi's Mem. Supp. Mot. Dismiss Ex.5, Ex. E at 11.[11] The servicer would then have

---

[10] Rehbein erroneously cites this principle of construction for the proposition "that what is not excluded . . . is therefore included." Br. Opp. Mot. Dismiss at 6. In fact, the maxim roughly translates as "the expression of one thing implies the exclusion of another." Ayes v. U.S. Dep't Veterans Affairs, 473 F.3d 104, 110-111 (4th Cir. 2006). When the principle is afforded its proper meaning, it unquestionably weighs against interpreting the Consent Judgment to provide individual borrowers enforcement rights.

[11] For example, only when the number of loans referred to foreclosure in violation of dual-track provisions exceeds five percent in the quarter would a potential violation occur. Citi's Mem. Supp. Mot. Dismiss Ex. 5, Ex. E1 at 13.

the right to cure the potential violation before any further enforcement action may be taken. Id., Ex. E at 11. Permitting individual borrowers to sue to enforce any failure by a servicer to meet the servicing standards would be incongruous with the definition of "potential violation" to which the parties to the consent judgment agreed. See Id., Ex. E1 at 13.

Rehbein has failed to overcome the presumption that individual borrowers are merely incidental beneficiaries of the National Mortgage Settlement, and so have no right to bring third-party suits to enforce the Consent Judgment. Thus, any claims that allege a violation of the Consent Judgment should be dismissed.[12] Accordingly, Count IV of the Complaint, which alleges that the "Defendants have violated the terms of the Settlement Agreement by dual tracking Plaintiff for both a home loan modification while continuing to pursue foreclosure," is **DISMISSED**.

### D. State Law Claims

In the remaining claims of the Complaint, it appears that Rehbein may be attempting to couch National Mortgage Settlement

---

[12] Even if the court were to find that individual borrowers had enforcement rights under the Consent Judgment, any claims seeking to enforce the Consent Judgment's terms could not move forward in this court because the Consent Judgment provides that the servicer's obligations under the Consent Judgment are only enforceable in the United States District Court for the District of Columbia. Citi's Mem. Supp. Mot. Dismiss Ex.5, Ex. E at 14-15.

violation claims as claims advanced under state law. Although the court is skeptical of such characterizations, the court will proceed to assess each of Rehbein's state law claims individually. See Monton v. Am.'s Servicing Co., No. 2:11cv68, 2012 U.S. Dist. LEXIS 117259, at *19-23 (E.D. Va. Aug. 20, 2012) (analyzing state law claims predicated on the Home Affordable Modification Program ("HAMP")).

### i. Breach of Contract Arising from the Implied Covenant of Good Faith and Fair Dealing

Rehbein alleges that the Defendants breached the covenant of good faith and fair dealing found in the Promissory Note and the Deed of Trust "by (i) failing to properly review Plaintiffs [sic] for a modification of their [sic] loan (ii) failing to properly review Plaintiffs [sic] for the alternative modification programs such as a repayment plan or the Department of Justice modification loan [and] (iii) failing to properly service Plaintiffs' [sic] loan." Compl. ¶ 26.[13]

---

[13] At times, Rehbein appears to suggest that her cause of action arises from Citi's breach of the duty of good faith and fair dealing under the National Mortgage Settlement. See Compl. ¶ 26 ("Defendant Bank is in breach of contract as a matter of Virginia Law by failing to conduct themselves [sic] with the principles embodied by the Settlement Agreement's covenant of good faith and fair dealing as defined by the Settlement."). To the extent that Rehbein's claim is so based, her claim must fail because she was not a party to the National Mortgage Settlement and does not have enforcement rights under that agreement. See supra Part III.C.

The Fourth Circuit has held that contracts governed by Virginia law contain an implied covenant of good faith and fair dealing. Wolf v. Fannie Mae, No. 11-2419, 2013 U.S. App. LEXIS 4300 (4th Cir. Feb. 28, 2013) (citing Enomoto v. Space Adventures, Ltd., 624 F. Supp. 2d 443, 450 (E.D. Va. 2009)); Va. Vermiculite, Ltd. v. W.R. Grace & Co., 156 F.3d 535, 541-42 (4th Cir. 1998). Moreover, "a party may not exercise contractual discretion in bad faith, even when such discretion is vested solely in that party." Va. Vermiculite, 156 F.3d at 542.

However, "when parties to a contract create valid and binding rights, an implied covenant of good faith and fair dealing is inapplicable to those rights." Ward's Equip. v. New Holland N. Am., 493 S.E.2d 516 (Va. 1997). Simply put, "the duty of good faith does not prevent a party from exercising its explicit contractual rights." Va. Vermiculite, 156 F.3d at 542. Thus, "the covenant does not compel a party to take affirmative action not otherwise required under the contract, does not establish independent duties not otherwise agreed upon by the parties, and cannot be invoked to undercut a party's express contractual rights." Monton, 2012 U.S. Dist. LEXIS 117259, at *21.

Here, neither the Promissory Note nor the Deed of Trust creates a duty on the part of Citi to facilitate loan

modification. The terms of the Promissory Note and the Deed of Trust expressly allow Citi to foreclose upon the property if the borrower defaults on the loan. The undisputed evidence demonstrates that Rehbein fell into arrears on the loan payments and defaulted on her mortgage. Compl. ¶ 8; Citi's Mem. Supp. Mot. Dismiss at 1. As a result, Citi had the express contractual right to accelerate payment and foreclose on the property. Mem. Supp. Mot. Dismiss Ex. 1 ¶ 6. Because a party does not breach the implied duty of good faith when it exercises express rights under the contract, <u>Va. Vermiculite</u>, 156 F.3d at 542, Citi's decision to accelerate payment and start foreclosure proceedings does not constitute a breach of any duty created by the Promissory Note or the Deed of Trust.

Moreover, neither the Promissory Note nor the Deed of Trust contains provisions obliging Citi to facilitate loan modification in the event Rehbein failed to make timely payments. In short, Rehbein's claim arising from the implied covenant of good faith and fair dealing fails because she has alleged no facts demonstrating any "discretion" under either the Promissory Note or the Deed of Trust that Citi exercised in bad faith.

## ii. Breach of Contract Arising from Alleged Violations of the National Mortgage Settlement's Servicing Standards

Rehbein alleges that by failing to review Rehbein's loan modification application in accordance with the servicing standards set forth in the National Mortgage Settlement, Citi breached the express terms of the Deed of Trust. Compl. ¶ 25. She argues that the Defendants "had an obligation under the Deed of Trust to follow all Federal and State law," and they breached this obligation "when they chose to ignore the clear and deliberate servicing standards in the agreement to which they are a party." Br. Opp. Mot. Dismiss at 9-10.

It is a basic tenant of contract law that "contracts are generally understood to incorporate only those laws which exist at the time of formation." Condel v. Bank of Am., 2012 U.S. Dist. LEXIS 93206, at *24 (E.D. Va. July 5, 2012) (citing Gazale v. Gazale, 250 S.E.2d 365 (Va. 1979)). "[A]bsent clear language to the contrary, courts should not interpret contracts to incorporate future changes to the law." Condel, 2012 U.S. Dist. LEXIS 93206, at *24.

Here, the Deed of Trust provides that all rights and obligations are subject to requirements of "Applicable Law," which is defined as "all controlling applicable federal, state, and local statutes . . . as well as all applicable final, non-appealable judicial opinions." Citi's Mem. Supp. Mot. Dismiss

Ex. 2 at 3 & ¶ 16. This provision "refers to the then-existing body of law that applies directly to the contract in question[;]" it does not "incorporate laws which [were] not already applicable (even if otherwise relevant) to the parties or their agreement" at the time they entered into the contract. Condel, 2012 U.S. Dist. LEXIS 93206, at *23. Rehbein executed the Deed of Trust on June 10, 2008. The National Mortgage Settlement, as reflected in the Consent Judgment, was not entered by the District Court for the District of Columbia until April 4, 2012, nearly four years after the Deed of Trust was signed. Consequently, it does not qualify as "Applicable Law" under the Deed of Trust. See id.[14] Thus, Rehbein cannot rely on Citi's purported violations of the National Mortgage Settlement's servicing standards as grounds for breach of contract.

### iii. Duty to Mitigate Damages

Finally, Rehbein alleges that the "Defendants are required by law and have a duty to mitigate their damages," and they have

---

[14] Even if the court were to interpret "Applicable Law" to include future changes to the law, the National Mortgage Settlement Agreement is not an "applicable" judicial opinion because Rehbein has no right to sue to enforce the Consent Judgment. See supra Part III.C; see also Lubitz v. Wells Fargo Bank, No. CL12-3800, 2012 Va. Cir. LEXIS 97, at *3 (Sept. 20, 2012) (finding that HUD regulations are not "applicable law" under a deed of trust because they did not provide the plaintiff with a private right of action).

20

breached this duty by initiating the foreclosure process when Rehbein claims she is eligible for a loan modification. Compl. ¶ 37-38. Rehbein contends that by foreclosing on her property Citi will incur significant economic losses that could be avoided if Citi modifies her loan, thereby allegedly enabling Rehbein to repay Citi fully. Id. ¶ 37.

The Virginia Supreme Court has "'long recognized the obligation of an injured party to mitigate damages,'" but "an assertion that an injured party has failed to mitigate damages is an affirmative defense," not an independent cause of action. Monton, 2012 U.S. Dist. LEXIS 117259, at *23-25 (quoting Forbes v. Rapp, 611 S.E.2d 592, 595-96 (Va. 2005)).

Here, Defendant Citi had an express contractual right to foreclose on Rehbein's property once she fell into arrears on her loan. There is no common law noncontractual duty regarding loan modification that would require Citi to forego its option to exercise this right. Id. at *24-25. As a result, Rehbein's claim for breach of duty to mitigate damages is **DISMISSED**.

### D. Injunctive Relief

Rehbein seeks a preliminary injunction enjoining the foreclosure proceedings on Rehbein's property until Rehbein's loan has been "properly considered" for a loan modification. Compl. at 7. She argues that without an injunction, her

property will be sold at a foreclosure sale and Rehbein "will suffer serious detriment to her credit score." <u>Id.</u> ¶ 45.

Before a preliminary injunction may be granted, a plaintiff must establish that 1) "he is likely to succeed on the merits"; 2) "he is likely to suffer irreparable harm in the absence of preliminary relief"; 3) "that the balance of equities tips in his favor"; and 4) "that an injunction is in the public interest." <u>Winter v. NRDC, Inc.</u>, 555 U.S. 7, 20 (2008).

Rehbein has not established that she is likely to succeed on the merits. To the contrary, the court has concluded upon the foregoing analysis that Rehbein has failed to state any claim upon which relief can be granted. <u>See</u> <u>supra</u> Part III.A-D. Consequently, Rehbein's request for a preliminary injunction is **DENIED.**

## IV. Conclusion

For the reasons stated above, Rehbein's Motion to Remand, ECF No. 10, is **DENIED** and the Defendants' Motions to Dismiss, ECF Nos. 4 & 8, are **GRANTED.** Rehbein's Complaint is hereby **DISMISSED.** The court **DIRECTS** the Clerk to forward a copy of this Memorandum Opinion and Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief
United States District Judge

Norfolk, Virginia
April 4 , 2013

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

22